UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MILTON AL STEWART, | ) | |
| Acting Secretary of Labor, | ) | |
| United States Department of Labor, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:21-cv-147 |
| | ) | |
| BIG D CONCRETE, INC. | ) | |
| | ) | |
| Defendant. | ) | |

<u>COMPLAINT</u>

Plaintiff, Milton Al Stewart, Acting Secretary of Labor, United States Department of Labor (hereinafter "the Secretary"), brings this action to enjoin Big D Concrete, Inc. (hereinafter "Defendant") from violating the provisions of Section 7 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* (the "Act"), and to restrain Defendant from withholding payment of minimum wage and overtime compensation found by the Court to be due employees under the Act, and an equal amount as liquidated damages due to the employees who are named in the attached Exhibit A.

I.

This Court has jurisdiction over this action pursuant to Sections 16 and 17 of the Act, 29 U.S.C. §§ 216 and 217, and 28 U.S.C. §§ 1331 and 1345.

II.

1.      Defendant is now, and at all times hereinafter mentioned was, a Texas corporation, within the jurisdiction of this Court, doing business as Big D Concrete, Inc., a ready

1

mix concrete supplier located at 10361 Bickham Road, Dallas, Texas 75220.

III.

At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the Act, 29 U.S.C. § 203(r), in that Defendant has been, through unified operation or common control, engaged in the performance of related activities for a common business purpose.

IV.

At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A), in that it has employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that it has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

V.

1.      During the period since January 23, 2018, Defendants have violated and are violating the provisions of Sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Act for workweeks longer than forty hours without compensating such employees for their employment in excess of forty hours per week at rates not less than one and one-half times the regular rates at which they were employed.

2.      Specifically, Defendant failed to properly convert time card minutes to hours,

2

resulting in Big D Concrete not paying employees correctly for overtime hours worked.

3.      Further, Defendant failed to include a non-discretionary production bonus into truck drivers' regular rate of pay when determining overtime pay. Employees were to be paid a non-discretionary "load bonus" of $7.50 "load bonus" per trip if they made over fifteen (15) deliveries per day.  This non-discretionary "load bonus" should have been included in the driver's regular rate of pay when determining overtime pay.

4.      Defendant's failure to pay the workers for all hours worked and failure to properly calculate the rate of pay for overtime pay resulted in violations of Sections 7 and 15(a)(2) of the Act.

## VI.

As a result of the violations of the Act, overtime compensation has been unlawfully withheld by Defendant from its employees.  The employees at issue, who are listed on the attached Exhibit A, are employees within the meaning of Section 3(e)(1) of the Act, 29 U.S.C. § 203(e)(1).

## VII.

WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendant Big D Concrete, Inc. as follows:

1.      For an Order pursuant to Section 17 of the Act permanently enjoining and restraining Defendant, its officers, agents, servants, employees, and those persons in active concert or participation with Defendant, from violating Sections 7 and 15(a)(2) of the Act;

2.      For an Order pursuant to 16(c) of the Act finding Defendant liable for unpaid overtime compensation due to Defendant's employees and for liquidated damages equal in

3

amount to the unpaid compensation found due Defendant's employees listed in the attached

Exhibit A (additional liquidated damages may be owed to certain employees presently unknown

to Plaintiff for the period covered by this complaint); or in the event liquidated damages are not

awarded;

      3.     For an Order pursuant to Section 17 enjoining and restraining Defendant from

withholding payment of unpaid overtime compensation found due Defendant's employees and

pre-judgment interest computed at the underpayment rate established by the Secretary of

Treasury pursuant to 26 U.S.C. § 6621;

      4.     For an Order awarding Plaintiff the costs of this action; and

      5.     For an Order granting such other and further relief as may be necessary and

appropriate.

Respectfully Submitted,

STANLEY E. KEEN
Deputy Solicitor of National Operations

JOHN RAINWATER
Regional Solicitor

U.S. Department of Labor
Office of the Solicitor
525 Griffin Street, Suite 501
Dallas, Texas 75202
Telephone: (972) 850-3157
Facsimile:  (972) 850-3101
Email: brooks.kristina@dol.gov
      eakins.lacee.c@dol.gov
      docket.dallas@dol.gov

MARGARET TERRY CRANFORD
Counsel for Wage and Hour

By:
*/s/ Kristina T. Brooks*
Kristina T. Brooks
Senior Trial Attorney
Bar No. 27297 CA

LACEE C. EAKINS
Trial Attorney
Bar No. 24121611 TX

RSOL Case No. 0640-21-00052

Attorneys for Plaintiff